Ralph W. Nash, Esq. City Attorney, Ithaca
You have asked whether a city which establishes a "small hydro facility" as defined by the Public Service Law is subject to the referendum requirement of section 360 of the General Municipal Law.
Your letter notes that the City of Ithaca is contemplating developing a hydro power facility to be owned and operated by the city. All electricity generated by the facility would be sold directly to the local public utility. The facility would have a maximum cost of $5.5 million and a generating capacity of 3.1 megawatts. By telephone, you have informed us that the facility will essentially involve the construction of a new dam structure.
Article 14-A of the General Municipal Law gives municipalities, including cities, the authority to establish, own and operate certain public utility services (General Municipal Law, §§ 360-366). Section 360(2) of the General Municipal Law provides, inter alia:
 "Notwithstanding any general or special law, any municipal corporation may construct, lease, purchase, own, acquire, use and/or operate any public utility service within or without its territorial limits, for the purpose of furnishing to itself or for compensation to its inhabitants, any service similar to that furnished by any public utility company specified in article four of the public service law".
Section 360 provides further that "the proposed method of constructing, leasing, purchasing, acquiring, the plant and facilities" for the provision of utility services must be established by local law, which "shall be submitted for the approval of the electors of the city at the next general election or at a special election called for such purpose" in accordance with the provisions of the Municipal Home Rule Law governing referenda (General Municipal Law, § 360[4], [5]; see Municipal Home Rule Law, §§ 23, et seq.; Village of East Rochester vRochester Gas Electric Corp., 262 App. Div. 556 [4th Dept, 1941], affd289 N.Y. 391 [1943], cert den 323 U.S. 713 [1944]).
Your questions concern the applicability of the referendum requirement under the circumstances set forth in your letter: when the electricity generated by the municipal-owned facility is sold exclusively to a public utility. Before that question is answered, however, the threshold question of whether section 360 authorizes a municipality to own and operate a facility solely for the purpose of supplying power to a utility must be addressed.
Section 360 authorizes municipalities to own and operate power-generating facilities. The grant of authority in section 360 is limited, however, in that it allows the operation of such facilities "for the purpose of furnishing to itself or for compensation to its inhabitants" gas and electric service. The legislative history of section 360 indicates that it was enacted as a reaction to what were perceived as oppressive rates being charged by utility companies (Legislative Bill Jacket, L 1934, ch 281). Municipalities were authorized to compete with the private power suppliers in an effort to provide less expensive power to residents (ibid.).
A municipal-owned facility whose entire power output is sold to a public utility does not serve either of the purposes set forth in section 360: the power is not furnished to the municipality itself, nor is it furnished to the municipality's inhabitants. Accordingly, inasmuch as an operation of this type is not within the intent of section 360, exclusive selling of municipal-generated power to a utility is not authorized.
We recognize that municipalities which generate power for their own use, or for consumption by their inhabitants may, from time to time, find it necessary to sell power to a public utility. This is a necessary part of the business of generating electric power. We do not address the question of whether these transactions are authorized by section 360 of the General Municipal Law.
We conclude that section 360 of the General Municipal Law does not authorize a municipality to own and operate a power-generating facility for the sole purpose of selling power to a public utility.